## WEAVER ET AL. *v.* STRATHMANN CONSTRUCTION COMPANY.

[No. 14,605.   Filed November 23, 1932.]

*Earl J. Askren* and *Howard M. Meyer,* for appellant.

*Burke G. Slaymaker, Clarence F. Merrell, Theodore L. Locke,* and *James V. Donadio,* for appellee.

NEAL, J.—John B. Weaver filed his application on March 31, 1931, before the Industrial Board for compensation for total disability as a result of personal injuries received by reason of an alleged accident arising out of and in the course of his employment by Strathmann Construction Company (appellee herein). The case was heard in part (all but two witnesses) on May 28, 1931, and was continued on request of Weaver. On April 8, 1931, and before the hearing was concluded, John B. Weaver died, and his wife, by order of the Industrial Board, was substituted.

The Industrial Board found that "the evidence fails to show to the satisfaction of the Industrial Board that the alleged injury received by John B. Weaver on April 8, 1929, resulted from an accident which arose out of

and in the course of his employment by the defendant; and that the finding herein should be for the defendant." The Industrial Board entered an order that appellants take nothing by their application.

Appellants and appellee agree that the only question involved in this appeal is the sufficiency of the evidence to sustain the findings of fact and award of the Industrial Board.

The facts show that on April 8, 1929, John B. Weaver was employed as a carpenter by the Strathmann Construction Company and on said date, while so employed and while lifting some heavy timber, "something kind of popped" in his hips and "it felt something like when you hit your crazy bone." He worked the remainder of that day, but was unable to. return to work for two weeks. He returned to work after two weeks, but was discharged after working an additional two weeks. He testified he was unable to work thereafter.

Appellants say there is no evidence to support the finding of the Industrial Board. It is true that there is testimony that the alleged injury, which Weaver described as being a sensation "like when you hit your crazy bone," was a hemorrhage of the spinal cord and that this was the cause of his disability and death. However, Dr. Roger Smith, in response to a question as to whether or not, in his opinion, Mr. Weaver suffered a hemorrhage of the spinal column (cord) on the day of the alleged injury, testified: "I am absolutely certain he did not"; that "if he had he would have been incapacitated immediately, unable to walk and come down this ladder as he tells me he did"; that he was "suffering from what we term pseudobulbar palsy, which is a brain condition due to hardening of the arteries"; and, in the opinion of the witness, "the condition is progressive."

We have carefully read the testimony of the physicians in the case, and, although the medical testimony

is conflicting, the finding of the board is supported by sufficient evidence. It necessarily follows that the award is not contrary to law.

Award affirmed.